FILED 19 SEP '11 15:33 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD KUBIK and BARBARA KUBIK,   10-cv-06078-TC

Plaintiffs,

v.   OPINION AND ORDER

UNITED STATES FEDERAL BUREAU OF
PRISONS,

Defendant.

COFFIN, Magistrate Judge:

Plaintiffs Richard and Barbara Kubik filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Administrative Procedures Act (APA), 5 U.S.C. § 706 seeking documents from defendant Bureau of Prisons (BOP). Both parties moved for summary judgment. In a July 1, 2011 order, I denied the BOP's motion for summary judgment on plaintiffs' inadequate search claim without prejudice and allowed the BOP thirty days to file a renewed motion for summary judgment regarding the adequacy of the FOIA search. (#34). Currently before me is the BOP's renewed motion. (#s 37, 38). For the reasons set forth below, I grant the BOP's motion.

Page 1 - OPINION AND ORDER

**Standard**

A party is entitled to summary judgment if the record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). FOIA cases are generally decided on summary judgment. Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008). The court should grant summary judgment in favor of the agency if the agency has performed an adequate search and disclosed all documents not subject to FOIA exemptions. Zemansky v. E.P.A., 767 F.2d 569, 571 (9th Cir. 1985).

**Discussion**

As noted above, I have already ruled on the FOIA exemptions claimed by the BOP. Thus, the only remaining issue is whether the BOP's search for records was adequate. As the parties are familiar with the underlying facts, I focus only on the facts relevant to the BOP's renewed motion for summary judgment.

The BOP submits supervisory attorney Christopher Synsvoll's supplemental declaration in support of its renewed motion for summary judgment. (#37-2). Synsvoll explains that the BOP has a variety of systems for keeping records of inmates and specifically describes the Inmate Central Records System–commonly called the Inmate Central File (Central File), and the Custodial and Security Records System–often referred to as the Special Investigative Services (SIS) File. The Central File follows an inmate from institution to institution and keeps records of his daily life. The SIS file is maintained at the institution where a "reportable incident" occurred and does not follow an inmate from institution to institution. However, documentation of reportable incidents in which an inmate was involved is placed in the FOI exempt section of an inmate's central file to inform staff members of an inmate's past illegal activities. Id. at ¶¶ 5-10.

Page 2 - OPINION AND ORDER

The supplemental declaration explains in detail how the BOP responded to the Kubik's FOIA requests. In response to the request for information about Brian Kubik's transfer, a paralegal in the FCC Florence legal department manually searched Kubik's Central File. Id. at ¶ 12. In response to the request for information about the April 20, 2008 incident, Synsvoll contacted the USP Florence Special Investigative Agent in charge to obtain a copy of the SIS file on the incident. Id. at ¶ 17. Synsvoll supervised the individualized document search of the consolidated SIS file, which was done both manually and electronically. Id. at 18. Synsvoll's supplemental declaration details the search terms used during the electronic search. Id. Synsvoll's declaration also offers a detailed description of the creation of the SIS file relating to the April 2008 incident. The file was originally created at Synsvoll's own request in anticipation of civil and criminal. Synsvoll, along with other FCC Florence Legal Department staff, oversaw the collection, storage, retention and disclosure of all documents related to the April 2008 incident. Id. at ¶¶ 14-16. The main SIS file was composed from inmate Central Files and medical files of the inmates primarily involved in the disturbance, meeting minutes, Board of Inquiry review documentation, briefing material, staff memoranda, log books, inmate rosters and housing assignments, and any/all material created by bureau staff as it related to the disturbance. Id. at ¶ 14.

The BOP asserts that Synsvoll's supplemental declaration establishes that the BOP's search was reasonably calculated to uncover all documents relevant to the Kubiks' requests. In response, the Kubiks argue that the BOP's search regarding their request for documents regarding the April 20, 2008 incident is inadequate because it was not performed within twenty days of receipt of the Kubiks' FOIA request, as mandated by statue. The Kubiks also assert that responsive documents were sparse and speculate that the BOP's search did not really uncover all responsive documents.

Page 3 - OPINION AND ORDER

The BOP's failure to comply with FOIA's twenty day deadline does not preclude summary judgment in the agency's favor. Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002). Similarly, the Kubiks' assertion that the records produced by the BOP were sparse does not render the BOP's search inadequate. Schrecker v. U.S. Dep't of Justice, 349 F.3d 657, 662 (D.C. Cir. 2003). The focus of the court's inquiry is whether the search for responsive documents was adequate, not whether any other possible responsive documents might exist. Zemansky, 767 F.2d at 571. Here, the supplemental declaration establishes that the BOP has performed an adequate search. The supplemental declaration described the search methods employed–including the electronic search terms used, the locations of the files searched and the method in which the searched files were created. Although the Kubiks speculate that additional responsive records exist, they do not present anything in support of this speculation beyond their conclusory statements. Schoenman v. Fed. Bureau of Investigation, 573 F.Supp.2d 119, 134 (D.C.Cir. 2008). Based on the underlying record, including the supplemental declaration, I find that the BOP's search was adequate and they are entitled to summary judgment.

### Conclusion

The BOP's renewed motion for summary judgment (#37) is granted.

IT IS SO ORDERED

DATED this 16th day of September 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - OPINION AND ORDER